**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Alliance for Retired Americans, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Katie Hobbs, et al., <br><br> Defendants. | No. CV-22-01374-PHX-GMS <br><br> **ORDER** |

Before the Court is the Yuma County Republican Committee's ("YCRC") Motion to Intervene (Doc. 49) as a defendant in the action under Federal Rule of Civil Procedure 24(a) and (b). For the following reasons, the Court grants permissive intervention under Rule 24(b).

## BACKGROUND

On August 15, 2022, Plaintiffs filed this action against Secretary of State Katie Hobbs, Arizona Attorney General Mark Brnovich, and all Arizona county recorders ("Defendants"). (Doc. 1.) On September 8, 2022, Plaintiffs filed a Motion for Preliminary Injunction, requesting that the Court enjoin the operation of certain provisions of Senate Bill 1260. (Doc. 31.) On September 12, 2022, YCRC filed its Motion to Intervene as a defendant in the matter. (Doc. 49.) YCRC's Motion to Intervene is not opposed by any Defendants, but it is opposed by the Plaintiffs.

# DISCUSSION

## I. Legal Standard

Federal Rule of Civil Procedure 24 provides for two types of intervention: intervention as of right and permissive intervention. To intervene as of right, an individual or entity must meet four criteria: (1) the application for intervention is timely; (2) the individual or entity has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition may impair or impede its ability to protect that interest; and (4) the individual or entity's interest is not adequately represented by the existing party. Fed. R. Civ. P. 24(a)(2); *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817 (9th Cir. 2001). Failure to satisfy one of the requirements means intervention as of right should not be granted. *Perry v. Proposition 8 Official Proponents*, 587 F.3d 947, 950 (9th Cir. 2009).

### A. Intervention as of Right

YCRC does not meet the requirements for intervention as of right. As it is dispositive of the motion to intervene as of right, the Court will address only the fourth requirement—that the entity's interest is not adequately represented by the existing parties. Previously, the Ninth Circuit has held that "[w]here the party and the proposed intervenor share the same 'ultimate objective,' a presumption of adequacy of representation applies, and the intervenor can rebut that presumption only with a 'compelling showing' to the contrary." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). The Ninth Circuit recently called that presumption into question. *Callahan v. Brookdale Sr. Living Communities, Inc.*, 42 F.4th 1013, 1021 n.5 (9th Cir. 2022) ("We note that the Supreme Court's recent opinion in *Berger v. North Carolina State Conference of the NAACP*, calls into question whether the application of such a presumption is appropriate.") (citation omitted). Even in the absence of a presumption, "[t]he Court considers three factors in determining the adequacy of representation: (1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether

the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki*, 324 F.3d at 1086. Here, even if the Court does not make a presumption of adequacy, the factors weigh in favor of adequate representation.

"The most important factor in determining the adequacy of representation is how the interest compares with the interests of existing parties." *Arakaki*, 324 F.3d at 1086. YCRC does not have a different objective or interest than the existing Defendants in the case. Defendants and YCRC both support SB 1260 and share the same objective of seeing that it is enforced. YCRC argues that the reason the elected officials have different interests in the outcome of the matter is because those Defendants represent "all people in Arizona," rather than the interests of Republican candidates. (Doc. 49 at 8.) YCRC also asserts that the organization has a different interest in the case than Defendants because Defendants "may consider 'their own desires to remain politically popular and effective leaders.'" (Doc. 49 at 8–9.) All county recorders and the Secretary of State requested to be treated as nominal parties in this matter; the only Defendant that has not is the Arizona Attorney General.

The first question is whether the interests of the Arizona Attorney General are such that he will make all the proposed intervenor's arguments. "Differences in litigation strategy do not normally justify intervention." *Arakaki*, 324 F.3d at 1086. YCRC's status as a local Republican organization does not establish that they have unique interests in the case such that the Attorney General's arguments are inadequate to represent those interests. While YCRC states that it has an interest in "ensuring the laboratory of democracy remains local," whether the Court enjoins or does not enjoin the law does not have an effect on that interest. To the extent that YCRC alleges that it has a unique interest in "getting its candidates elected" (Doc. 76 at 11), it does not seem to call into question the adequacy of the Attorney General's representation unless the party wishes to get its candidates elected by non-compliance with state law. Lastly, to the extent that YCRC alleges its interest in "fair election laws, especially at the local level," (Doc. 49 at 5), this interest does not

diverge from the Arizona Attorney General's interest.  As such, the YCRC has not alleged an interest unique from the Defendants.

The second question is if the Defendants are able and willing to make the same arguments that the proposed intervenor would make.  Defendant points out that Secretary of State Katie Hobbs filed a notice providing her interpretation of the statutes at issue in this case, and that interpretation runs contrary to YCRC's preferred interpretation.  (Docs. 73, 75.)  If the Secretary of State was the only Defendant, this argument would be more compelling.  However, the Court need not speculate whether the Attorney General is willing to make the arguments in favor of YCRC's interests; the Attorney General has said that he will by opposing the Secretary of State's interpretation and adopting that of YCRC. (Doc. 77.)

Finally, the Court asks if the proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.  YCRC asserts that it offers a unique perspective to the case as a local political organization.  While its perspective may be different than the current Defendants, YCRC has not demonstrated what elements it would bring to the case that the current Defendants would neglect.  To the contrary, the existing parties may have more institutional and background knowledge about the underlying procedures that the statutes seek to implement.  Because each of these factors points toward adequacy of representation, YCRC does not meet the standard for intervention as of right.

### B. Permissive Intervention

Nevertheless, "a court may grant permissive intervention where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." *Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir.1996).  "Even if an applicant satisfies those threshold requirements, the district court has discretion to deny permissive intervention."  *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998).  There are several relevant factors courts may consider when

deciding to grant or deny permissive intervention, including the nature and extent of the intervenors' interest, the legal position they seek to advance, and "whether parties seeking intervention will significantly contribute to full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *Spangler v. Pasadena City Bd. of Ed.*, 552 F.2d 1326, 1329 (9th Cir. 1977).

As stated above, YCRC's motion is timely. Additionally, their defense and the main action have a common question of law, and, thus, there are grounds for jurisdiction. *See Arizonans for Fair Elections v. Hobbs*, 335 F.R.D. 261, 268 (D. Ariz. 2020) (finding grounds for jurisdiction over a permissive intervention where the case was not one in which "a party [was] seeking to intervene so it [could] assert a claim over which the Court would otherwise lack subject matter jurisdiction."). Indeed, other courts have allowed political parties to intervene as defendants in similar lawsuits. *Ariz. Democratic Party v. Hobbs*, 2020 WL 6559160, at * 1 (D. Ariz. June 26, 2020); *Mi Familia Vota v. Hobbs*, No. CV-21-01423-PHX-DWL, 2021 WL 5217875, *2 (D. Ariz. Oct. 4, 2021). And here, YCRC presents arguments that are helpful to developing the legal inquiries in this suit. Thus, the Court finds they will assist in the just and equitable adjudication of the legal questions presented and grants their motion to intervene.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Yuma County Republican Committee's ("YCRC") Motion to Intervene (Doc. 49) as a defendant in the action under Federal Rule of Civil Procedure 24(a) **is GRANTED.**

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the Response to Motion for Preliminary Injunction lodged at Doc. 72. The Response is considered timely filed.

**IT IS FURTHER ORDERED** directing the Clerk of Court to file the Objection to Secretary of State Katie Hobbs's Notice re Interpretation of SB 1260 lodged at Doc. 75. The Objection is considered timely filed.

Dated this 23rd day of September, 2022.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge