# EXHIBIT A

ELIAS LAW GROUP

10 G Street NE, Suite 600 | Washington, DC 20002

August 12, 2022

**VIA U.S. MAIL AND ELECTRONIC MAIL**

Secretary Katie Hobbs
Arizona Secretary of State
1700 W Washington Street, Floor 7
Phoenix, AZ 85007

RE: Arizona's Non-Compliance with Sections 5 and 8 of the National Voter Registration Act

Dear Secretary Hobbs:

Pursuant to 52 U.S.C. § 20510(b), I write on behalf of the Arizona Alliance for Retired Americans, Voto Latino, and Priorities USA (collectively, the "Organizations"), to bring your attention to the fact that Senate Bill 1260—which was signed into law by Governor Ducey on June 6, 2022—violates Sections 5 and 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. §§ 20504, 20507. This letter serves as notice that the Organizations will bring a lawsuit to address these issues if you do not take actions to correct the identified violations. This letter also serves as a request for the production of documents pursuant to 52 U.S.C. § 20507(i).

**<u>The Felony Provision Violates Section 5 of the NVRA</u>**

Under Section 5 of the NVRA, state officials are required to ensure that "[a]ny change of address form submitted in accordance with State law for purposes of a State motor vehicle driver's license shall serve as notification of change of address for voter registration. . . ." 52 U.S.C. § 20504(d). On its face, Senate Bill 1260 criminalizes action required by Section 5 of the NVRA.

Among other provisions, Senate Bill 1260 makes it a class 5 felony for any person to "[k]nowingly provide[] a mechanism for voting to another person who is registered in another state, including by forwarding an early ballot addressed to the other person." Ariz. Rev. Stat. § 16-1016(12) (hereinafter, the "Felony Provision").[1] The Felony Provision does not provide an exception for employees of motor vehicle offices whose job it is to help new Arizona residents register to vote, nor does it define its operative phrase—provide a "mechanism for voting"—except to specify that the phrase should be interpreted broadly enough to include activity as diminutive as "forwarding an early ballot

---

[1] References to the Arizona Revised Statutes reflect the codification that will take effect upon Senate Bill 1260's effective date on September 24, 2022.

addressed to the other person." *Id*. Neither does the law provide guidance on what it means to "knowingly" provide a mechanism for voting.

Senate Bill 1260 thus criminalizes enforcement of Section 5 of the NVRA because a state motor vehicle authority that provides a change of address form to a voter could be providing a "mechanism for voting" under the terms of Ariz. Rev. Stat. § 16-1016(12), resulting in felony liability if that voter is registered in another state.

**The Cancellation Provision Violates Section 8 of the NVRA**

Section 8 of the NVRA makes it unlawful for Arizona to remove a voter from the voter registration rolls for a change of residence unless the voter either (1) "confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered," or (2) fails to respond to a notice *and* fails to vote in two consecutive federal election cycles after the notice was sent. 52 U.S.C. § 20507(d)(1). Senate Bill 1260 violates Section 8 of the NVRA.

Under Senate Bill 1260, a county recorder is required to "cancel a registration: . . . When the county recorder receives confirmation from another county recorder that the person registered has registered to vote in that other county." Ariz. Rev. Stat. § 16-165(A)(10) (hereinafter, the "Cancellation Provision"). The Cancellation Provision also provides that, "[i]f the county recorder receives credible information that a person has registered to vote in a different county, the county recorder shall confirm the person's voter registration with that other county and, on confirmation, *shall cancel* the person's registration. . . ." Ariz. Rev. Stat. § 16-165(B) (emphasis added). There is no requirement that the county recorder give the voter *any* notice of the cancellation, or an opportunity to avoid or contest it, much less that the recorder do so in accordance with the requirements of the NVRA. Moreover, because the Cancellation Provision does not contain a mechanism for county recorders to coordinate their cancellations, multiple county recorders might cancel a person's registration upon a good-faith effort to comply with the statute, including in the jurisdiction where the voter is eligible to vote.

Senate Bill 1260 plainly violates Section 8 of the NVRA because it directs county recorders to cancel an individual's voter registration if the voter has registered in another county *without* complying with the notice or confirmation safeguards required by 52 U.S.C. § 20507(d)(1).

In light of the above, the Organizations request:

A. That the state of Arizona immediately remedy the identified violations of the NVRA and confirm that the enforcement of 52 U.S.C. § 20504(d) does not constitute "knowingly provid[ing] a mechanism for voting to another person who is registered in another state" within the meaning of Ariz. Rev. Stat. § 16-1016(12).

B. That the state of Arizona immediately remedy the identified violations of the NVRA and provide written confirmation that no county recorder will remove any voter from the voter registration rolls pursuant to Ariz. Rev. Stat. §§ 16-165(A)(10), 16-165(B) unless either (1) the county recorder receives written confirmation from the voter that their residence has changed to a place outside of the county recorder's jurisdiction, or (2) the

voter has failed to respond to a notice to confirm their address and failed to vote in two subsequent federal election cycles, as set forth in 52 U.S.C. § 20507(d)(1).

C. All documents and records concerning any activities that the state of Arizona has undertaken to implement Ariz. Rev. Stat. §§ 16-165(A)(10), 16-165(B), and Ariz. Rev. Stat. § 16-1016(12).

D. All documents and instructions provided by the state of Arizona to county recorders regarding the meaning, enforcement, or intended goals or effects of implementing Ariz. Rev. Stat. §§ 16-165(A)(10), 16-165(B), and Ariz. Rev. Stat. § 16-1016(12).

The Organizations ask that you make the requested records available as quickly as possible and that you immediately remedy your violations of Sections 5 and 8 of the NVRA. If not, the Organizations are prepared to bring litigation pursuant to 52 U.S.C. § 20510(b) to enforce their rights and the rights of their members, supporters, and constituents.

Sincerely,

Aria C. Branch (WDC # 1014541)
Joel J. Ramirez (WDC # 1740100)
Daniel Cohen (WDC # pending, admitted 3 August 2022)
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Telephone: (202) 968-4490
Facsimile: (202) 968-4498
abranch@elias.law
jramirez@elias.law
dcohen@elias.law

Roy Herrera (Ariz. Bar No. 032901)
Daniel A. Arellano (Ariz. Bar No. 032304)
Jane W. Ahern (Ariz. Bar No. 034865)
**HERRERA ARELLANO LLP**
530 East McDowell Road, Suite 107-150
Phoenix, Arizona 85004-1500
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jane@ha-firm.com

*Counsel for the Arizona Alliance for Retired Americans, Voto Latino, and Priorities USA*

CC: Amy Chan, General Counsel to Secretary of State Katie Hobbs, achan@azsos.gov