**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Brunn (Beau) W. Roysden III (#028698)
Drew C. Ensign (#025463)
Jennifer J. Wright (#027145)
*Assistant Attorneys General*
OFFICE OF THE ARIZONA ATTORNEY GENERAL
2005 N. Central Ave.
Phoenix, Arizona 85004
Telephone: (602) 542-3333
Facsimile: (602) 542-8308
beau.roysden@azag.gov
drew.ensign@azag.gov
jennifer.wright@azag.gov
acl@azag.gov

*Attorneys for Defendant Mark Brnovich*
*Attorney General of the State of Arizona*

Brett W. Johnson (#021527)
Eric H. Spencer (#022707)
Colin P. Ahler (#023879)
Tracy A. Olson (#034616)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bwjohnson@swlaw.com
espencer@swlaw.com
cahler@swlaw.com
tolson@swlaw.com

*Attorneys for Intervenor-Defendant*
*Yuma County Republican Committee*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Arizona Alliance for Retired Americans, *et al.*,

Plaintiffs,

v.

Katie Hobbs, in her official capacity as Secretary of State for the State of Arizona, *et al.*,

Defendants.

No. 2:22-CV-01374-GMS

**REPLY ISO MOTION FOR STAY**

Defendant Mark Brnovich, in his official capacity as Attorney General for the State of Arizona (the "AG"), and Intervenor-Defendant Yuma County Republican Committee (the "YCRC") (collectively "Defendants") reply in response to the Secretary of State Katie Hobbs' (the "Secretary's") *Response to the Emergency Motion for a Stay*, couched as a "Notice" that asserts this Court's September 26th Order "does not enjoin Arizona's existing

voter registration list maintenance procedures[.]" Doc. 92 at 2. Not only does that misstate the plain language of this Court's Order, it misstates the facts.

This Court was remarkably clear, the current practices and procedures *have* been unmistakably called into question:

> Defendants assert that the Cancellation and Removal Provisions merely codify existing procedures, so enjoining them would "call into question decades old laws and procedures that cancel duplicate voter registrations." (Doc. 70 at 23.) ***However, if the State's decades old laws and procedures are preempted, calling them into question does not cut against the public interest.*** "[T]he right to vote is sacrosanct and preservative of all other rights," so it is clearly in the public interest that Arizona's election procedures comply with the NVRA and constitutional due process. *Ariz. Democratic Party v. Ariz. Republican Party*, No. CV-16-03752-PHX-JJT, 2016 WL 8669978, at *13 (D. Ariz. Nov. 4, 2016). And where "a case concerns a statewide election" and "threatens to interfere with [the] ability to vote . . . the Ninth Circuit has made clear this implicates the public interest in a particularly acute way." *Shelley*, 344 F.3d at 919; *Short v. Brown*, No. 218CV00421TLNKJN, 2018 WL 1941762, at *6 (E.D. Cal. Apr. 25, 2018), *aff'd*, 893 F.3d 671 (9th Cir. 2018).

Doc. 87 at 21-22 (emphasis added). Despite this clear language, the Secretary has proffered an interpretation of statutes and procedures that ignores what this Court plainly stated. Instead, she boldly asserted "that the PI Order provides certainty that no new procedures are required for the upcoming election[.]" Doc. 92 at 2.

Not only has she overstepped her role,[1] the Secretary's flawed "interpretation" of the plain language of this Court's Order starkly contrasts with AG's interpretation that this Court intended to call into question the existing procedures. This disagreement exemplifies the confusion caused by last-minute orders proscribing the conduct of election

[1] Although the Secretary, for purposes of complying with the National Voter Registration Act, is considered Arizona's Chief Election Officer (A.R.S. § 16-142(A)(1)), the Attorney General is the Chief Legal Officer (A.R.S. § 41-192(A)). As such, the Attorney General, not the Secretary, may issue binding legal opinions. *See* A.R.S. § 41-193(A)(7). Moreover, statutory interpretation falls under the purview of the courts—not the Secretary. *Leibsohn v. Hobbs*, No. CV-22-0204-AP/EL, 2022 WL 4352090, at ¶ 22 (Ariz. Sept. 20, 2022) (rejecting the Secretary's interpretation of a statute in the election procedures manual that "contradict[ed] statutory requirements" and emphasizing that it is the "Court's role, not the Secretary's, to interpret [the] meaning" of election laws).

administrators. Courts have made it clear that "as we rapidly approach the election, the public interest is well served by preserving Arizona's existing election laws, rather than by sending the State scrambling to implement and to administer a new procedure. . .at the eleventh hour. Indeed, the Supreme Court 'has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election.'" *Arizona Democratic Party v. Hobbs*, 976 F.3d 1081, 1086 (9th Cir. 2020) (citations omitted). Yet the September 26th Order did just that. There is now a fundamental disagreement as to the interpretation of the Court's Order, which will directly impact the administration of an already on-going General Election.

Furthermore, based on information and belief, while the Secretary has asserted that "no new procedures are required[,]" she held meeting on or around 4:00pm on September 29, 2022, with county recorders that reportedly stated otherwise.[2] As far as Defendants understand:

- The Secretary plans issue *new* guidance following this Court's Order to clarify the procedures;
- The guidance will be based off of the 2014 Elections Procedures Manual ("EPM");[3]
- The statewide Arizona Voter Information Database ("AVID") is not equipped to allow duplicate registrations between counties;
- The Secretary interprets the way AVID works as to simply "merge" old and new registrations in the new county and not "cancel" the old registration, therefore the

---

[2] Although the Defendants are pursing a declaration from one of the call participants as to the oral statements made, because time was of the essence to make this filing, Defendants filed in advance of a written declaration. Regardless, Defendants were able to obtain a contemporaneous email sent between county recorders (Ex. 1) as well as an email from the Secretary of State's Elections Director Kori Lorick, outlining the Secretary's position that the current procedures are not enjoined, not because they aren't preempted by the NVRA, but because the Court failed to enjoin the existing procedures (Ex. 2). In fact, Lorick admitted this Court *did* "raise some questions on the appropriateness of existing voter registration procedures[.]" Ex. 2 at DEF-007.

[3] Notably, this court and the Arizona Supreme Court has deemed the 2014 EPM as superseded by the 2019 EPM; further, by the Secretary's own admission, "she has no currently available means of binding the counties" to enforce the 2014 procedures. Doc. 87 at 11 (quoting Doc. 73 at 9-10). *See also Leibsohn*, 2022 WL 4352090 at n.3 (Ariz. Sept. 20, 2022) (identifying the 2019 EPM as being effect as no 2021 EPM was approved).

existing system does not give rise to possible conflicts with, and is not pre-empted by, the NVRA. Doc. 73 at 4-5 (describing merging process); Trans. at 56:5-15.

The foregoing information is internally inconsistent and undermines the Secretary's "Notice." On one hand, if there are no new procedures required, there would be no need for the Secretary to issue any guidance. But if the Secretary issues new guidance (a) directing county recorders to wait to "cancel" a voter's prior voter registration until after (b) the voter receives a notice and (c) confirms in writing that his or her re-registration form at a new address is in fact a request to cancel their old registration—this guidance will do more harm than the Cancellation Provision ever could. Namely, the system's inability to accommodate two registrations means that a voter who thought he or she had re-registered at his new address just before the registration deadline expired, will not be able to vote that that new address because of this new notice and waiting period.

On the other hand, if the Secretary's existing procedures remain unchanged, then the Order fails to provide the relief requested by Plaintiffs. Namely, as AVID cannot have two duplicative active voter registrations at once,[4] counties will necessarily continue to *cancel* outdated registrations, even if the Secretary describes it as *merging* records.

Clearly, this Court's Order has injected even more confusion as to the state of the existing laws.[5] This is precisely the harm to the public interest for which the *Purcell* doctrine intended to ameliorate. Simply, "federal district courts ordinarily should not

---

[4] Plaintiffs have been unmistakable in the relief sought is to require Arizona to allow voters to be actively registered to vote in more than one county, as they wrongly assert "it is perfectly legal… to be registered to vote in more than one jurisdiction." Doc. 31 at 4; *see* A.R.S. § 16-101(B)(one residence rule).

[5] In addition to 16-168(J) and the procedures outlined in the 2019 EPM, other provisions of long-standing Arizona law have similarly been called into question. *See, e.g.,* A.R.S. §§ 16-164(A) ("On receipt of a new registration form that effects a change of precinct, political party, address or name, the county recorder shall indicate electronically in the county voter registration database that the registration has been canceled and the date and reason for cancellation."); 16-166(B) ("If the elector provides the county recorder with a new registration form or otherwise revises the elector's information, the county recorder shall change the general register to reflect the changes indicated on the new registration. If the elector indicates a new residence address outside that county, the county recorder shall forward the voter registration form or revised information to the county recorder of the county in which the elector's address is located.")

enjoin state election laws in the period close to an election." *Merrill v. Milligan*, 142 S.Ct. 879 (2022) (Mem.) (Kavanaugh, J., concurring) (citing *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curium)); *Moore v. Harper*, 142 S.Ct. 1089, 1089 (2022) (Mem.) (Kavanaugh, J., concurring); *Republican Nat'l Comm. v. Dem. Nat'l Comm.*, 140 S.Ct. 1205, 1206-77 (2020) (per curium); *Yazzie v. Hobbs*, 977 F.3d 964, 968-69 (9th Cir. 2020) (dismissing "last-minute challenge to decades-old rule" under the *Purcell* doctrine); *Mi Familia Vota v. Hobbs*, 977 F.3d 948, 953 (9th Cir. 2020) (relying on *Purcell* doctrine as a "factor supporting government's likelihood of success on the merits").

Finally, as to the Felony Provision, as this Court pointed out, the AG cannot bind the future AG—but neither will this Court's *temporary, preliminary injunction*. Doc. 87 at 6 n.1. In fact, both the current AG's tenure and the preliminary injunction likely have the *same* lifespan. *Id.* at 7 (noting the current AG will remain in office for approximately "three more months"). Accordingly, staying the Order will not result in an imminent threat to the Plaintiffs, as the AG's interpretation of the Felony Provision of SB 1260 does not implicate criminal culpability in the Plaintiffs' intended course of conduct (voter outreach and registration activities). *Id.* at 5-6.

For the foregoing reasons, the Defendants respectfully urge this Court to stay the September 26th Order enjoining the Cancellation and Felony Provisions of SB 1260 pending appeal. Absent a stay, Defendants respectfully request this court conduct a hearing as soon as possible (including this afternoon) to resolve the apparent discrepancies between the Secretary's assertions to this Court and her various statements made to county recorders. Specifically, the record must provide sufficient facts to determine whether the Secretary's planned course of conduct will run afoul of this Court's Order and/or is preempted by the NVRA so that the appropriate appeals may be heard, notwithstanding the Secretary's averment to this Court. Simply, the Court took issue with *how* Arizona has administering voter registration for decades. But, the Secretary of State is unilaterally ignoring the Order's reality and impact on an orderly administration of the General Election in the State of Arizona.

RESPECTFULLY SUMITTED this 30th day of September, 2022.

MARK BRNOVICH
ATTORNEY GENERAL

By: *s/ Jennifer J. Wright*
Brunn ("Beau") W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Jennifer J. Wright (No. 27145)
*Assistant Attorneys General*
2005 N. Central Avenue
Phoenix, Arizona 85004
Telephone: (602) 542-5200
acl@azag.gov

*Attorneys for Arizona Attorney General Mark Brnovich*

SNELL & WILMER L.L.P.

By: s/ *Brett W. Johnson (w/ permission)*
Brett W. Johnson
Eric H. Spencer
Colin P. Ahler
Tracy A. Olson
SNELL & WILMER, LLP
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
(602) 382-6000
bwjohnson@swlaw.com
espencer@swlaw.com
cahler@swlaw.com
tolson@swlaw.com

*Attorneys for Intervenor-Defendant Yuma County Republican Committee*

**CERTIFICATE OF SERVICE**

I certify that, on September 30, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, which automatically sends a Notice of Electronic Filing to all counsel of record.

*s/ Jennifer J. Wright*