**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arizona Alliance for Retired Americans, et al., <br><br> Plaintiffs, <br><br> v. <br><br> Katie Hobbs, et al., <br><br> Defendants. | No. CV-22-01374-PHX-GMS <br><br> **ORDER** |

Pending before the Court is Attorney General Mark Brnovich ("AG") and Intervenor-Defendant Yuma County Republican Committee's ("YCRC") Emergency Motion for Stay of Preliminary Injunction Pending Appeal (Doc. 88). For the following reasons, the Motion is denied.

## BACKGROUND

On September 26, 2022, this Court preliminarily enjoined several provisions of S.B. 1260—A.R.S § 16-1016(12) ("Felony Provision") and A.R.S § 16-165(A)(10), (B) ("Cancellation Provisions")—and denied a preliminary injunction as to A.R.S § 16-544(Q)–(R) ("Removal Provisions"). The next day, the AG and YCRC filed an Emergency Motion for Stay of Preliminary Injunction Pending Appeal pursuant to Federal Rule of Civil Procedure 62(d) and Federal Rule of Appellate Procedure (8)(a)(1). On September 29, 2022, Plaintiffs filed their response.

## DISCUSSION

### I. Legal Standard

Under Federal Rule of Civil Procedure 62(d), a Court may suspend or alter its own preliminary injunction during the pendency of an appeal. The standards for evaluating whether to grant a stay pending review are largely the same as the standards that govern motions for a preliminary injunction. A court will issue a stay after considering: "**(1)** whether the stay applicant has made a strong showing that he is likely to succeed on the merits; **(2)** whether the applicant will be irreparably injured absent a stay; **(3)** whether issuance of the stay will substantially injure the other parties interested in the proceeding; and **(4)** where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). As with motions for preliminary injunctions, motions for stays pending review are evaluated under a balancing approach that weighs the likelihood of the movant's success on the merits on the one hand, and the balance of hardships on the other. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). Some district courts have found that "a stay may be appropriate in a case where . . . the appeal raises some serious and difficult questions of law in an area where the law is somewhat unclear and the interests of the other parties and the public are not harmed substantially." *Evans v. Buchanan*, 435 F. Supp. 832, 843–44 (D. Del. 1977); *Protect Our Water v. Flowers*, 377 F. Supp. 2d 882, 884 (E.D. Cal. 2004). Ultimately, however, in the Ninth Circuit "[a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion." *Leiva-Perez*, 640 F.3d at 965.

### II. Novelty of Legal issues and Likelihood of Success

The Court is satisfied that the Plaintiffs, not the Defendants have established a likelihood of success with respect to the aspects of the statute that were enjoined. As to the Cancellation Provisions, "the primary issue was one of statutory interpretation"— whether cancellation upon receipt of a voter registration form was a cancellation "at the request of the registrant" within the meaning of the NRVA. *Audubon Soc. of Portland v. U.S. Nat. Res. Conservation Serv.*, No. 03:10-CV-01205-HZ, 2012 WL 4829189, at *3 (D.

Or. Oct. 8, 2012), *aff'd sub nom*. *Audubon Soc'y of Portland v. Nat. Res. Conservation Serv.*, 573 F. App'x 640 (9th Cir. 2014). The Court interpreted that statute using common methods of statutory interpretation and reached a result that is consistent with the Seventh Circuit's interpretation of the NRVA. *See Common Cause Indiana v. Lawson*, 937 F.3d 944 (7th Cir. 2019); *League of Women Voters of Indiana, Inc. v. Sullivan*, 5 F.4th 714 (7th Cir. 2021). And here, Defendants present the same interpretive arguments that the Court considered when it issued the injunction—arguments that do not comport with case law interpreting the same federal law in the context of a state election scheme that was similar in all of the legally relevant ways. Thus, Defendants have not offered any persuasive grounds that this Court's interpretation of the Cancellation Provisions will be disapproved on review. *Al Otro Lado v. Wolf*, 952 F.3d 999, 1013 (9th Cir. 2020) (noting that defendants seeking stays of existing injunctions must make "particularly strong showing that the district court's statutory interpretation will be disapproved on review of the preliminary injunction.")

The same is true for the Court's interpretation of the Felony Provision—the Court used accepted methods of interpretation to evaluate whether the Provision was void for vagueness, and Defendants do not suggest that this interpretation is likely to be rejected on appeal. Instead, they argue that the injunction should be stayed because it will not "bar county attorneys from enforcing the Felony Provision" and because it enjoins applications of the Provision that will not harm the Plaintiffs. (Doc. 88 at 10.) Such arguments are also unpersuasive. If, as the Court has found, the statute is likely void for being too vague, enjoining all law enforcement parties in this case from enforcing it is certainly a more effective deterrent of overall potential harm than not doing so. Additionally, the Court cannot preliminarily enjoin some applications of an unconstitutionally vague criminal statute and not others because—by definition—the problem with an unconstitutionally vague statute is the text itself, not all of its possible applications. *Coates v. City of Cincinnati*, 402 U.S. 611, 616 (1971) ("This Court has long held that laws so vague that a person of common understanding cannot know what is forbidden are unconstitutional on

their face.").

### III. Irreparable Harm

Next, Defendants claim that they will be irreparably harmed by the Court's injunction. They argue that because SB 1260 merely codifies existing procedures, which are not challenged in this action nor enjoined by the Court, the injunction will cause confusion about how State officials should maintain the accuracy of their voter rolls. However, this argument fails because the Cancellation Provisions do not, on their face, codify any existing procedures. As the Court noted in its Preliminary Injunction Order, the operative Election Procedures Manual ("EPM") does not contain the procedures that Defendants allege the provisions codify, and the Cancellation Provisions are fundamentally different from the EPM and likely violate the NVRA. But the requested injunction does not extend to the state's election procedures. The injunction enjoins a new state law from going into effect. Thus, the parties, for the moment, need not implement the new law. Nothing about that is confusing. Nothing about the preliminary injunctions enjoins the way County Recorders determine whether the same voter is registered in two different counties. Defendants nevertheless assert that they will be irreparably injured for two reasons: first, the injunction causes unjustifiable confusion because the election is underway, and second, the Secretary of State has indicated she is providing the county recorders with new guidance in light of the Order. These reasons are insufficient to grant a stay. Importantly, the Secretary of State, the official charged with executing state election procedures, does not believe that the stay is needed. And, if the Secretary seeks to introduce alternative procedures to comply with federal law, even at this stage in the election, the Court does not see how it causes Defendants irreparable injury. In fact, if the Secretary remedies potential defects in Arizona's voter registration process, it will benefit Defendants and Plaintiffs alike.

Finally, the Court recognizes that *Purcell* has come to stand for the general principle that courts should refrain from altering election procedures in the weeks before an election. *Purcell v. Gonzalez*, 549 U.S. 1, 5 (2006). But that is not what the Court does in the

preliminary injunctions. Because Defendants raised the argument that the Cancellation Provisions are based on the existing EPM procedures, the Court has necessarily discussed and evaluated these procedures. It has also discounted the argument that the Cancellation Provisions are based on the EPM procedures. And even if they were, the Court has rejected the argument that the EPM procedures could not violate the NVRA because, of course, the underlying procedures are susceptible to violating the NVRA. Nevertheless, the Court enjoins only the operation of the Cancellation Provisions, leaving the status quo in place. This is what *Purcell* demands. And, in *Purcell*, the order that caused confusion before an upcoming election was an appellate court's reversal of a district court's order concerning state election procedures. Likewise, the Court fails to see how reversing its own order will cause less confusion at this late stage in the proceedings. Thus, while the Court appreciates the State's interest in preserving the integrity of the upcoming election, it is not persuaded that the preliminary injunctions represent any irreparable harm.

### IV.    Public Interest

Finally, Defendants argue that a stay is in the public interest to combat voter fraud. Specifically, they claim that the Court's Order cuts against the public interest because it "injects uncertainty into the process for maintaining accurate voters lists," but as Defendants themselves note, the Court does not proscribe the cancellation of duplicate or improper voter registrations. Instead, it enjoins the operation of a law that requires cancellation of voter registrations without the voter's confirmation, as required by federal law. That the Court called into question whether the law or EPM procedures comply with the NVRA cannot also be a reason to allow the law to go into effect. Of course, the public has an interest in preventing voter fraud and upholding the integrity of state election procedures. However, where state laws unlawfully infringe upon federally protected civil rights, the public has no interest in the laws' continued operation.

/ / /

/ / /

**CONCLUSION**

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants' Motion for Stay of Preliminary Injunction Pending Appeal (Doc. 88) is **DENIED.**

Dated this 3rd day of October, 2022.

_____
G. Murray Snow
Chief United States District Judge